IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DEONTE SPICER,**

    **Petitioner,**

**v.**                                                   **Civil Action No. 1:18cv180**
                                                      **Criminal Action No. 1:15cr46**
                                                      **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On September 24, 2018, the *pro se* Petitioner, an inmate at U.S.P. Canaan in Waymart, Pennsylvania, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1]

Prior to filing his § 2255 motion, Petitioner filed a January 22, 2018 motion for a thirty-day extension of time in which to file a § 2255 motion. ECF No. 221. On June 26, 2018, he filed a motion for equitable tolling pursuant to 28 U.S.C. § 2244(d). ECF No. 223.

This matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 2, is ripe for review.

### II. Facts

**A. Conviction and Sentence**

On October 7, 2015, after a two-day jury trial, Petitioner was convicted of one count from a single-count indictment charging him with assault within maritime and/or territorial

---

[1] Petitioner's § 2255 motion asserts that a motion for equitable tolling was attached [see ECF No. 225 at 13]; however, Petitioner neglected to attach the same. Nonetheless, the undersigned has reviewed a prior motion for equitable tolling [ECF No. 223] that Petitioner filed three months before he filed his motion to vacate, and addresses the same herein.

jurisdiction with a dangerous weapon, with intent to do bodily harm, in violation of 18 U.S.C. §§ 7(3) and 113(a)(3) [ECF No. 151], arising out of the February 6, 2015 stabbing of another inmate at USP Hazelton. On February 5, 2016, the Court sentenced Petitioner to 70 months imprisonment. ECF No. 192.

B. <u>Appeal</u>

Petitioner filed his notice of appeal on February 5, 2016. ECF No. 197. On appeal, Petitioner argued that the district court abused its discretion by holding the victim of the offense in civil, rather than criminal contempt for refusing to testify without valid grounds for his refusal. By unpublished *per curiam* decision dated December 2, 2016, the Fourth Circuit affirmed the district court's decision. ECF No. 216. Spicer's petition for writ of *certiorari* was denied on January 23, 2017. ECF No. 220.

C. <u>Federal Habeas Corpus</u>

Spicer asserts that trial counsel was ineffective for failing to object to pretrial "prosecutorial misconduct," with regards to the alleged opening of his pre-trial legal mail by Bureau of Prisons ("BOP") officials, who he contends, then shared copies of the same with the federal prosecutor. ECF No. 225-1 at 2. Accordingly, he concludes that the BOP "hindered his defense" [<u>id.</u> at 7]; "committed postal theft [<u>id.</u> at 9]," infringed his right of access to the court under the First, Fourth, Fifth, and Sixth Amendments [<u>id.</u> at 15 - 16], and violated his Eighth Amendment right to be free from cruel and unusual punishment. <u>Id.</u> at 16. In purported support of these claims, he attaches the first page of a June 16, 2015 letter from trial counsel stating in pertinent part that "[y]ou should also be aware that the Bureau of Prisons is intercepting all of

your mail,[2] copying it, and sending to the AUSA in charge of your case. I do not need to repeat this to you, but, do not put anything in writing that you do not wish the Government to review." ECF No. 225-2. Petitioner contends that the outcome of his case "would have been different" had counsel objected to this prosecutorial misconduct, and that "[p]ossibly, he would have been acquitted and possibly never put on trial[.]" ECF No. 225-1 at 8.

D. **Recommendation**

Based upon a review of the record, the undersigned now issues this Report and Recommendation on Petitioner's motion without holding an evidentiary hearing, and for the

---

[2] At a September 28, 2015 Status Hearing in his criminal case, in response to Petitioner's allegation that the BOP was tampering with his legal mail [ECF No. 209 at 63], this exchange was had:

> MR. ZIMAROWSKI: . . . Your Honor, **just so the record is clear, I have no information that Mr. Spicer's legal mail is being opened and read, however, he has been advised by me that his personal mail to his family in D.C.** - -
>
> THE COURT: Is always opened and read.
>
> MR. ZIMAROWSKI: - - **is opened and copied and provided to the prosecution and they've provided me with copies of it. I've advised him, of course, to be discreet in his communications, which he has not done**.
>
> THE DEFENDANT: Your Honor, like I said, **I have a letter that says that they hindered me of all my mail. I have it black and white, a letter from him**.
>
> THE COURT: Mr. Spicer, here are the rules. The . . . [BOP] is not allowed to open your legal mail and in all the years that I've been sitting on this Bench, I don't - - if I've had one erroneous circumstance where they opened legal mail that is labeled as such, that's it. It just doesn't happen and I've never had it happen at Hazelton actually. What they do open, and they have a right to open, and you know they can open it because they've been doing it, is your personal mail, okay, both outgoing and incoming. That's an issue that's been litigated for a long time and there's no violation of your rights . . . when they do that. Do you understand? You're in their custody.
>
> THE DEFENDANT: Yes, ma'am, but - -
>
> THE COURT: That's a different question. If you've got evidence that they have opened your legal mail and you want to file a habeas petition on that, go ahead and do it. If you're going to bring it to me in this case you have to do it by more than a mere statement here in court I think they're doing it. You have no evidence before me about that.

Id. at 69 – 71 (emphasis added).

reasons stated below, recommends that the petitioner's § 2255 motion be denied and dismissed from the Court's docket.

### III. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.[3]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[4] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The undersigned recognizes that pursuant to United States v. Sosa, 364 F.3d 507 (4th Cir. 2004) and Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) notice must be given to the petitioner that the Court intends to dismiss the motion as being untimely unless the petitioner can demonstrate that the motion is timely. However, "Hill leaves open the possibility that district

---

[3] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[4] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353, 125 S.Ct. 2478 (2005).

4

courts could dispense with notice if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." Sosa, *supra* at 511.

Equitable tolling is available only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." United States v. Sosa, 364 F.3d 507, 512, (4th Cir. 2004) *quoting* Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) *(en banc)* (quotation marks omitted), *cert. denied,* 541 U.S. 905 (2004). In order to be entitled to equitable tolling, Petitioner bears the burden of presenting evidence which shows that he was prevented from timely filing his § 2255 petition because of circumstances beyond his control, or external to his own conduct, and that it would be unconscionable, or that a gross injustice would occur, if the limitation were enforced. Id.

Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Government) prevented a defendant from filing a petition, or extraordinary circumstances beyond the defendant's control made it impossible to timely file the claim. United States v. Anderson, No. 04-0353, 2012 WL 1594156, at *2 (D.S.C. May 7, 2012), quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. Holland v. Florida, 130 S.Ct. 2549, 2563 (2010).

Here, because the only grounds raised by the petitioner in support of his motion to vacate, set aside, or correct his sentence, are so clearly without merit, the undersigned has proceeded to consider whether the motion is timely without providing the petitioner further opportunity to explain the timeliness of his petition.

In the instant case, the § 2255 motion is clearly untimely under subsection 1. Spicer's petition for writ of *certiorari* was denied on January 23, 2017. Accordingly it appears that Spicer's conviction became final on January 23, 2017, the day *certiorari* was denied. *See* Clay v. United States, 537 U.S. 522 (2003). Therefore, under AEDPA, he had until January 23, 2018,

5

to timely file a § 2255 motion. However, Spicer did not file his § 2255 petition until September 24, 2018, eight months after the statute of limitations had already expired. Thus, the petitioner's § 2255 motion is untimely under subsection 1.

Spicer's motion for equitable tolling, filed three months before he filed his § 2255 motion, argues that he was pursuing his rights diligently but that the Government prevented the timely filing of his motion by refusing to release his legal property to him while he was in the Special Management Unit ("SMU'). ECF No. 223. In support of this, he attached a January 1, 2018 BOP Inmate Request to Staff, complaining of the same, noting that the deadline to timely file a § 2255 was in three weeks, and that it was his third request; the staff member who responded noted that "do [sic] to security reasons you aren't allowed to have legal documents from storage in your possession in . . . [SMU] at this time." ECF No. 223-1. Accordingly, Spicer argues that the BOP's actions constituted "extraordinary circumstances" beyond his control, and thus he should be granted equitable tolling. Id. at 3 – 4. The undersigned finds that Petitioner has neither proven that the Government created an impediment to his filing a timely § 2255 motion or that his motion is based on new facts, thus, subsections 2 and 4 are not applicable to this case. It is apparent that Petitioner has been well aware of the grounds for his § 2255 since receiving the June 16, 2015 letter from counsel and yet he still waited for three years and approximately three and a half months to raise this issue in court. Further, he demonstrated his acute awareness of the pending one-year deadline [see BOP Inmate Request to Staff, ECF No. 223-1], three weeks before it expired, but still failed to file his § 2255 motion, raising this simple claim that did not require copies of his legal paperwork to bring. Finally, only evidence of alleged legal mail tampering that Petitioner has produced, after over three years, is the letter from counsel, the writer of the same who clearly contradicted Petitioner's deliberate misconstrual of the letter in

6

open court by noting that he had *no evidence whatsoever of* Petitioner's legal mail ever being interfered with, and that it was only Petitioner's personal mail being referenced in his letter. See ECF No. 209 at 69 – 70. Petitioner's continued insistence on his own interpretation of counsel's letter has no support in the record.[5]

The Court further finds that subsection 3 does not apply because Petitioner's motion raises no right which he contends was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Therefore, recognizing that when a habeas court perceives a *pro se* § 2255 motion to be untimely, and the Government has not filed a motion to dismiss based on the one year limitation period, the Court must warn the Petitioner that the case is subject to dismissal. See Hill v. Braxton, 277 F.3d 701, 707 (2002); see also United States v. Sosa, 364 F.3d 507, 511 (4th Cir. 2004).

Accordingly, Petitioner is hereby **NOTIFIED** that his section 2255 motion will be dismissed unless he can demonstrate, within the objection period described below, that it can be salvaged by the principle of equitable tolling or otherwise meets the time requirements of section 2255(f).

## V. Recommendation

For the reasons stated above, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion.

---

[5] Further, Petitioner's contention that the outcome of his case "would have been different" had counsel objected to this prosecutorial misconduct, and that "[p]ossibly, he would have been acquitted and possibly never put on trial" [ECF No. 225-1 at 8] likewise lacks support in the record, given that an "immediate review of the VICON video system [after the stabbing] revealed that . . . [he] had been the assailant." See PreSentence Investigation Report ("PSR"), ECF No. 193 at 2.

Further, the undersigned recommends that Petitioner's pending motion for a thirty-day extension of time in which to file a § 2255 motion [ECF No 221] be **DENIED as moot**, and his pending Motion for Equitable [ECF No. 223] tolling be **DENIED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file written objections with the Clerk of the Court, identifying the portions of the Recommendation to which objections are made. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. A copy of such objections should also be submitted to the United States District Judge.  **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner via certified mail, return receipt requested, at his last known address as reflected on the docket. Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

Dated:  September  26, 2018

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNTED STATES MAGISTRATE JUDGE