IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEONTE SPICER,

       Petitioner,

v.

                           Civil Action No. 1:18CV180
                           Criminal Action No. 1:15CR46
                           (Judge Keeley)

UNITED STATES OF AMERICA,

       Respondent.

### MEMORANDUM OPINION AND ORDER DENYING
### § 2255 PETITION AND PRO SE CRIMINAL MOTIONS

Pending is the motion filed by the petitioner, Deonte Spicer ("Spicer"), to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 225),[1] the Report and Recommendation ("R&R") of the Honorable Michael J. Aloi, United States Magistrate Judge, recommending that the Court deny Spicer's § 2255 petition as untimely (Dkt. No. 228), and Spicer's objections to the R&R (Dkt. No. 232). Also pending are various motions filed by Spicer in Criminal Action No. 1:15CR46.

For the reasons that follow, the Court **ADOPTS** the R&R (Dkt. No. 228), **OVERRULES** Spicer's objections (Dkt. No. 232), **DENIES** Spicer's § 2255 petition (Dkt. No. 225), and **DISMISSES** Civil Action No. 1:18CV180 **WITH PREJUDICE**. It also **DENIES AS MOOT** Spicer's motions to extend time to file a § 2255 petition (Dkt. No. 221),

---

[1] Unless otherwise noted, all docket numbers refer to Criminal Action No. 1:15CR46.

SPICER V. USA                                    1:18CV180/1:15CR46

**MEMORANDUM OPINION AND ORDER DENYING
§ 2255 PETITION AND PRO SE CRIMINAL MOTIONS**

**DENIES** his motion to equitably toll the statute of limitations (Dkt. No. 223), **DENIES** his motion to reduce his sentence (Dkt. No. 234), **DENIES** his motion to clarify his term of imprisonment (Dkt. No. 235), and **DENIES AS MOOT** his motion to expedite the Court's ruling (Dkt. No. 246).

## I. BACKGROUND

On October 7, 2015, a jury convicted Spicer of assault within a territorial/maritime jurisdiction with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. §§ 7(3) and 113(a)(3) (Dkt. No. 151). On February 5, 2016, the Court sentenced Spicer to 70 months of incarceration (Dkt. No. 195). Following the affirmance of Spicer's conviction by the United States Court of Appeals for the Fourth Circuit and the denial of his petition for a writ of certiorari by the Supreme Court of the United States, Spicer's conviction became final on January 23, 2017 (Dkt. Nos. 216, 220).

On January 22, 2018, Spicer moved for an extension of time in which to file a § 2255 petition (Dkt. No. 221). Thereafter, on June 26, 2018, he moved to equitably toll the statute of limitations for any § 2255 petition (Dkt. No. 223) and, on September 24, 2018, finally filed a § 2255 petition arguing that his counsel had been ineffective by failing to object to prosecutorial misconduct (Dkt. No. 225).

2

SPICER V. USA                                    1:18CV180/1:15CR46

### MEMORANDUM OPINION AND ORDER DENYING
### § 2255 PETITION AND PRO SE CRIMINAL MOTIONS

In an R&R dated September 26, 2018, Magistrate Judge Aloi recommended that the Court deny Spicer's petition as untimely (Dkt. No. 228). Spicer objected to this recommendation (Dkt. No. 232), and, on October 16, 2019, moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c), arguing that, but for a discrepancy between the Court's pronouncement of his term of imprisonment during his sentencing hearing and its description of his term of imprisonment in its judgment and commitment Order ("J&C"), he would have received a shorter sentence (Dkt. No. 234). On October 16, 2019, Spicer moved to clarify his term of imprisonment on the same grounds (Dkt. No. 235). Finally, on January 25, 2021, he moved to expedite the Court's rulings on his pending motions (Dkt. No. 246).

### II. STANDARD OF REVIEW

Although a court must liberally construe pro se pleadings, Estelle v. Gamble, 419 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978), a pro se petition is subject to dismissal, if the Court cannot reasonably read the pleadings to state a valid claim on which the petitioner could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999).

SPICER V. USA                                    1:18CV180/1:15CR46

### MEMORANDUM OPINION AND ORDER DENYING
### § 2255 PETITION AND PRO SE CRIMINAL MOTIONS

<u>III. DISCUSSION</u>

**A.   Motion for Extension**

On January 22, 2018, Spicer moved for an extension of time within which to file a § 2255 petition, stating "I'm simply asking for a 30 day [extension] in order to find a lawyer. . ." (Dkt. No. 221). But, until Spicer filed his § 2255 petition asserting the grounds for his petition, the Court lacked jurisdiction to consider his request.

Although federal courts may equitably toll the § 2255 statute of limitations, <u>see</u> <u>Holland v. Florida</u>, 560 U.S. 631, 645, (2010), they may not pre-approve tolling based on hypothetical facts. <u>Chafin v. Chafin</u>, 568 U.S. 165, 172 (2013). The Fourth Circuit Court of Appeals has clearly held that courts lack jurisdiction to consider a motion for an extension of time to file a § 2255 petition when it does not raise potential grounds for relief. <u>United States v. Harris</u>, 304 F. App'x 223 (4th Cir. 2008) (per curiam); <u>United States v. White</u>, 257 F. App'x 608 (4th Cir. 2007) (per curiam). Other circuit courts have similarly concluded that courts lack jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed, because no case or controversy yet

4

**MEMORANDUM OPINION AND ORDER DENYING**
**§ 2255 PETITION AND PRO SE CRIMINAL MOTIONS**

exists for a court to adjudicate. See United States v. Asakevich, 810 F.3d 418, 420 (6th Cir. 2016).[1]

Here, eight months before he filed his § 2255 petition, Spicer moved for an extension of time but failed to raise any potential grounds for relief (Dkt. No. 221). The Court thus lacked jurisdiction to consider his request. Now, noting that Spicer has filed his § 2255 petition, the Court **DENIES AS MOOT** his motion for an extension of time in which to file (Dkt. No. 221), and turns next to address the timeliness of his petition.

**B.   Motion for Equitable Tolling and § 2255 Petition**

On June 26, 2018, Spicer moved to equitably toll the statute of limitations for his § 2255 petition due to extraordinary circumstances (Dkt. No. 223). He contended that, while housed in the Special Management Unit ("SMU") at USP Lewisburg, BOP staff denied him access to transcripts from his trial and court hearings, thereby preventing him from timely preparing his § 2255 petition. Id.

On September 24, 2018, Spicer filed his § 2255 petition, claiming he had received constitutionally ineffective assistance

---

[1] See also United States v. Leon, 203 F.3d 162 (2nd Cir. 2000); United States v. McFarland, 125 Fed. App'x 573, 574 (5th Cir. 2005) (per curiam); Swichkow v. United States, 565 Fed. App'x 840 (11th Cir. 2014) (per curiam); United States v. Glover, 2006 WL 3798926, at *1 (D.C. Cir. June 27, 2006) (per curiam); but see United States v. Thomas, 713 F.3d 165, 169 (3d Cir. 2013).

**MEMORANDUM OPINION AND ORDER DENYING**
**§ 2255 PETITION AND PRO SE CRIMINAL MOTIONS**

of counsel because his attorney failed to object to prosecutorial misconduct (Dkt. No. 225). Spicer alleges that, prior to his trial, BOP staff had opened his legal mail and provided its contents to the prosecutor. Id. at 2. Claiming that his attorney was aware of this misconduct, Spicer complains counsel failed to object to the conduct of the BOP and prosecutor. Id. Spicer previously raised this same allegation during his underlying criminal case.

Upon referral, Magistrate Judge Aloi recommended that the Court deny Spicer's § 2255 petition as untimely because (1) he did not bring his claim within one year after his conviction became final, and (2) his claim could not be salvaged by equitable tolling (Dkt. No. 228). Spicer objected to Magistrate Judge Aloi's finding that equitable tolling did not apply to his claim (Dkt. No. 232).

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court must review de novo the portion of Magistrate Judge Aloi's recommendation to which Spicer timely objected, but it will uphold those portions of the R&R to which no objection was made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

**1.    Timeliness**

Title 28 U.S.C. § 2255(a) permits federal prisoners, who are in custody, to assert the right to be released if "the sentence was imposed in violation of the Constitution or laws of the United

SPICER V. USA                                    1:18CV180/1:15CR46

### MEMORANDUM OPINION AND ORDER DENYING
### § 2255 PETITION AND PRO SE CRIMINAL MOTIONS

States," if "the court was without jurisdiction to impose such sentence," or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year limitation period within which a petitioner may file a § 2255 petition. 28 U.S.C. § 2255. The one-year limitation period runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

> 28 U.S.C. § 2255(f)(1)-(4).

Here, Spicer's § 2255 petition is untimely under § 2255(f)(1). His conviction became final on January 23, 2017, when the Supreme Court of the United States denied his petition for a writ of

**MEMORANDUM OPINION AND ORDER DENYING**
**§ 2255 PETITION AND PRO SE CRIMINAL MOTIONS**

certiorari. See Clay v. United States, 537 U.S. 522 (2003). Accordingly, the statute of limitations for his ineffective assistance of counsel claim expired on January 23, 2018, eight months before he filed his § 2255 petition on September 24, 2018. Spicer does not deny the untimeliness of his petition, but rather contends he is entitled to equitable tolling of the limitations period.

### 2. Equitable Tolling

The AEDPA statute of limitations is subject to equitable modifications such as tolling. United States v. Prescott, 221 F.3d 686, 687-88 (4th Cir. 2000). However, equitable tolling is only available "in those rare instances" where, due to circumstances outside of the petitioner's own conduct, "it would be unconscionable to enforce the limitation period against the [petitioner] and gross injustice would result." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2000) (en banc)). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. Equitable tolling is generally reserved for instances where the wrongful conduct of the opposing party prevented the petitioner from filing a petition, or extraordinary circumstances

**MEMORANDUM OPINION AND ORDER DENYING
§ 2255 PETITION AND PRO SE CRIMINAL MOTIONS**

beyond the petitioner's control that made timely filing of a petition impossible. United States v. Anderson, 2012 WL 1594156, at *2 (D.S.C. May 7, 2012) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

BOP staff's intentional confiscation of, or the total denial of an inmate's access to, all legal papers may constitute an extraordinary circumstance warranting the tolling of the AEDPA's limitations period. See United States v. Gabaldon, 522 F.3d 1121, 1125 (10th Cir. 2008) (holing that an inmate placed in disciplinary segregation and denied all access to his legal papers was entitled to equitable tolling); Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (stating that an inmate placed in administrative segregation and denied all access to legal papers was entitled to equitable tolling); Robinson v. Johnson, 313 F.3d 128, 141-43 (3d Cir. 2002) (concluding that the intentional confiscation of an inmate's only copy his legal papers, including his habeas petition, may warrant equitable tolling if diligence is evident); Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (same). But see Allen v. Johnson, 602 F.Supp.2d 724, 729 (E.D. Va. 2009) (finding that a brief separation of an inmate from his legal papers is a normal incident of prison life and does not warrant equitable tolling).

### MEMORANDUM OPINION AND ORDER DENYING
### § 2255 PETITION AND PRO SE CRIMINAL MOTIONS

"A prisoner's difficulty in obtaining transcripts is not an extraordinary circumstance which justifies equitable tolling because 'a prisoner is not entitled to transcripts for the purpose of preparing a § 2255 motion.'" Swiger v. United States, 2007 WL 81888, at *2 (N.D.W. Va. Jan. 8, 2007) (quoting Little v. United States, 184 F.Supp.2d 489, 493 (E.D. Va. 2002)); United States v. Agubata, 1998 WL 404303, at *3 (D. Md. July, 9, 1998) (same). See also Hall v. Warden, Lebanon Correctional Inst., 662 F.3d 745, 750-51 (6th Cir. 2011) ("Standing alone, however, the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling."); Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002) (holding that the court's delay in furnishing the petitioner with a trial transcript did not justify equitable tolling); Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001) (concluding that the inability to access transcripts does not preclude an inmate from initiating habeas proceedings and does not warrant equitable tolling).

Spicer contends that extraordinary circumstances justifying equitable tolling exist here because BOP staff at USP Lewisburg deprived him of access to his "legal documents from storage," which prevented him from timely preparing a § 2255 petition (Dkt. No. 223). While confined in the SMU, Spicer requested access to these documents, stating "I'm only asking for my court hearing

**MEMORANDUM OPINION AND ORDER DENYING**
**§ 2255 PETITION AND PRO SE CRIMINAL MOTIONS**

transcripts, and trial transcripts" (Dkt. No. 223-1). BOP staff denied his request, noting "Do [sic] to security reasons you aren't allowed to have legal documents from storage in your possession in special management unit at this time." Id.

Equitable tolling may be warranted had BOP staff denied Spicer access to all of his legal documents, but a search of the record suggests that this is not the case. While it is unclear what other legal documents may have been kept in storage during his SMU confinement, Spicer only requested access to his hearing and trial transcripts. Despite his SMU confinement, Spicer managed to file his motion for extension of time on January 22, 2018, leading to the inference that BOP staff had not deprived Spicer of access to all legal documents or interfered with his ability to draft or file such documents while in the SMU. Moreover, the fact that BOP staff denied Spicer's request for access to transcripts kept in storage does not, alone, justify equitable tolling because, ordinarily, Spicer would not be entitled to these transcripts for the purposes of preparing a § 2255 petition. Swiger, 2007 WL 81888, at *2.

Of even greater significance, equitable tolling does not provide an excuse for Spicer's untimely filing because he clearly had knowledge of all the information needed to file his ineffective assistance of counsel claim in 2015. See Lloyd v. Vannatta, 296

MEMORANDUM OPINION AND ORDER DENYING
§ 2255 PETITION AND PRO SE CRIMINAL MOTIONS

F.3d 630, 633 (7th Cir. 2002) (citation omitted) ("For equitable tolling to excuse an untimely filing, a prisoner must demonstrate that he could not, despite the exercise of reasonable diligence, have discovered all the information needed in order to be able to file his claim on time."). On June 16, 2015, Spicer's counsel sent a letter warning him that the BOP was opening his mail and that he should refrain from putting any details about his case in writing (Dkt. No. 225-2). Spicer therefore knew all of the information he needed to file his § 2255 petition well before the limitations period expired. Neither his SMU confinement, nor the restrictions accompanying it, prevented him from preparing or filing his § 2255 petition based on counsel's failure to object to the BOP's alleged violation of its legal mail policy. Equitable tolling of the applicable AEDPA limitations period therefore is not warranted.

### 3. Lack of Merit

Even assuming Spicer had timely filed his § 2255 petition, however, no constitutional violation occurred. To succeed on an ineffective assistance of counsel claim, a "petitioner must show, by a preponderance of the evidence, that (1) 'counsel's performance was deficient,' and (2) 'the deficient performance prejudiced the defense.'" Beyle v. United States, 269 F. Supp. 3d. 716, 726 (E.D. Va. 2017) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). "The [p]etitioner must 'satisfy both prongs, and a failure

12

MEMORANDUM OPINION AND ORDER DENYING
§ 2255 PETITION AND PRO SE CRIMINAL MOTIONS

of proof on either prong ends the matter.'" <u>Beyle</u>, 269 F. Supp.3d
at 726 (quoting <u>United States v. Roane</u>, 378 F.3d 382, 404 (4th
Cir. 2004)).

To satisfy the first prong, the petitioner must show that
counsel's conduct "fell below an objective standard of
reasonableness . . . under prevailing professional norms."
<u>Strickland</u>, 466 U.S. at 687-88. But "[j]udicial scrutiny of
counsel's performance must be highly deferential" because "[i]t is
all too tempting for a defendant to second-guess counsel's
assistance after conviction or adverse sentence, and it is all too
easy for a court, examining counsel's defense after it has proved
unsuccessful, to conclude that a particular act or omission of
counsel was unreasonable." <u>Id.</u> at 689. "Because of the difficulties
inherent in making the evaluation, a court must indulge a strong
presumption that counsel's conduct falls within the wide range of
reasonable professional assistance." <u>Id.</u>

Spicer alleges that his attorney rendered ineffective
assistance of counsel by failing to object to prosecutorial
misconduct. His belief that BOP staff opened his legal mail and
provided the contents to the prosecutor is premised on his
misunderstanding of a letter from his attorney, dated June 16,
2015, which stated in pertinent part:

**MEMORANDUM OPINION AND ORDER DENYING**
**§ 2255 PETITION AND PRO SE CRIMINAL MOTIONS**

> You should be aware that the Bureau of Prisons is
> intercepting all of your mail, copying it, and sending
> it to the AUSA in charge of your case. I do no need to
> repeat this to you, but, do not put anything in writing
> that you do not wish the Government to review.

(Dkt. No. 225-2).

At a status conference held on September 28, 2015, Spicer informed the Court that, based upon his attorney's letter, he believed BOP staff had opened both his personal and legal mail (Dkt. No. 203 at 65). The prosecutor countered that the BOP has a "very firm policy" of not opening legal mail. Id. at 66. Spicer's attorney then clarified that his letter referred only to Spicer's personal mail. The following discussion occurred:

> MR. ZIMAROWSKI: . . . Your Honor, just so the record is
> clear, I have no information that Mr. Spicer's legal
> mail is being opened and read, however, he has been
> advised by me that his personal mail to his family in
> D.C. - -
>
> THE COURT: Is always opened and read.
>
> MR. ZIMAROWSKI: - - is opened and copied and provided to
> the prosecution and they've provided me with copies of
> it. I've advised him, of course, to be discreet in his
> communications, which he has not done.
>
> THE DEFENDANT: Your Honor, like I said, I have a letter
> that says that they hindered me of all my mail. I have
> it black and white, a letter from him.
>
> THE COURT: Mr. Spicer, here are the rules. The . . .
> [BOP] is not allowed to open your legal mail and in all
> the years that I've been sitting on this Bench, I don't
> - - if I've had one erroneous circumstance where they
> opened legal mail that is labeled as such, that's it. It
> just doesn't happen and I've never had it happen at

SPICER V. USA                                                    1:18CV180/1:15CR46

**MEMORANDUM OPINION AND ORDER DENYING
§ 2255 PETITION AND PRO SE CRIMINAL MOTIONS**

> Hazelton actually. What they do open, and they have a
> right to open, and you know they can open it because
> they've been doing it, is your personal mail, okay, both
> outgoing and incoming. That's an issue that's been
> litigated for a long time and there's no violation of
> your rights . . . when they do that. Do you understand?
> You're in their custody.
>
> THE DEFENDANT: Yes, ma'am, but - -
>
> THE COURT: That's a different question. If you've got
> evidence that they have opened your legal mail and you
> want to file a habeas petition on that, go ahead and do
> it. If you're going to bring it to me in this case you
> have to do it by more than a mere statement here in court
> I think they're doing it. You have no evidence before me
> about that.

(Dkt. No. 209 at 69-71).

Now, nearly six years later, Spicer alleges ineffective assistance of counsel premised solely on his continued insistence on his own interpretation of a letter his attorney explicitly clarified on the record. As Magistrate Judge Aloi stated, Spicer's misinterpretation "has no support in the record" (Dkt. No. 228). That circumstance has not changed. Spicer has presented no evidence that the BOP tampered with his legal mail, or that by failing to object to unsubstantiated allegations of prosecutorial misconduct, his attorney's performance fell below an objective standard of reasonableness.

Therefore, because Spicer's § 2255 petition is untimely and without merit, the Court **ADOPTS** the R&R in its entirety (Dkt. No. 228), **OVERRULES** Spicer's objections (Dkt. No. 232), **DENIES**

15

SPICER V. USA                                          1:18CV180/1:15CR46

**MEMORANDUM OPINION AND ORDER DENYING**
**§ 2255 PETITION AND PRO SE CRIMINAL MOTIONS**

Spicer's § 2255 petition (Dkt. No. 225), and **DENIES** Spicer's motion for equitable tolling (Dkt. No. 223).

### C.   Motion to Reduce Sentence

On October 16, 2019, Spicer moved the Court to reduce his sentence to account for time he has served since April 28, 2015 (Dkt. No. 234). According to Spicer, although the Court stated at his sentencing hearing that he shall serve a term of imprisonment of "70 months and as appropriate credit for time served since April 28 of 2015," the BOP has not credited this time towards his instant sentence because his J&C only states that he should receive "credit for time served as appropriate" (Dkt. No. 234).

Pursuant to 18 U.S.C. § 3582(c), the Court may not modify a term of imprisonment except in limited circumstances. One such circumstance permits a court to reduce a term of imprisonment if, after considering the sentencing factors under 18 U.S.C. § 3553(a), it determines that "extraordinary and compelling reasons" exist for such a reduction. 18 U.S.C. § 3582(c)(1)(A).

Neither Spicer's belief that the BOP has incorrectly calculated his jail-time credit, nor the Court's description of his term of imprisonment in its J&C, constitutes an extraordinary and compelling reason justifying his release. And, if brought at all, pursuant to 28 U.S.C. § 2241, Spicer's challenge to the BOP's computation of his sentence should instead be brought in the

16

## MEMORANDUM OPINION AND ORDER DENYING
## § 2255 PETITION AND PRO SE CRIMINAL MOTIONS

district where he is incarcerated, the Middle District of Pennsylvania. See United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) (concluding that a petition's claim for credit for time served is properly raised under § 2241); see also United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (holding that the district court in which the defendant filed his § 2241 petition was not the proper venue because it was not the district of confinement).

Notably, as the Court explained to Spicer during his sentencing hearing, it is up to the BOP, and only the BOP, to determine what, if any, credit for time served he should receive, and that any statement by the Court was merely a recommendation.[2] See United States v. Wilson, 503 U.S. 329, 334 (1992) (holding that although a defendant shall receive credit toward his sentence for any time spent in official detention prior to the date the sentence commences, district courts are not authorized to

---

[2]     THE COURT: Okay. Now, Mr. Spicer, when I calculate your sentence, that's going to be my recommendation to the BOP but it decides what your actual time served is. Okay? So you need to understand that while I--while I can-- all I can say is from April 28th, 2015 forward you should receive credit for time served. The Bureau will actually do that calculation.
       THE DEFENDANT: I understand, Your Honor.

(Dkt. No. 213 at 20-21).

**MEMORANDUM OPINION AND ORDER DENYING
§ 2255 PETITION AND PRO SE CRIMINAL MOTIONS**

determine the extent of jail-time credit at sentencing); United
States v. Brown, 343 F. App'x 934, 936 (4th Cir. 2009) ("Only the
Attorney General, acting through the Bureau of Prisons, may compute
sentencing credit.")

At sentencing, the Court pointed out two facts that increased
the difficulty of determining the amount of jail-time credit Spicer
should receive. First, had he not committed the underlying offense
on February 6, 2015, he would have been paroled, rather than
released, on April 28, 2015 (Dkt. No. 213 at 20-25). Second, any
time served since April 28, 2015, could, and might be, credited
toward a different term of custody because the BOP also held Spicer
in custody on April 28, 2015, on a detainer for a supervised
release violation in the District of Columbia.[3] Id.

---

[3]     THE COURT: Okay. So you went into custody-- following
        the conclusion of your 96 month sentence you remained in
        BOP custody but it appears that you were in custody on
        the detainer. So if the BOP says well that was time
        credited to that case in D.C. until the detainer was
        lifted then you wouldn't--or discharged, you wouldn't
        get credit in this case until the day that happened. I
        have no control over that. Obviously you can go through
        an administrative process in the BOP if that is what it
        turns out to be but that is not something that's within
        my jurisdiction. Do you understand that?

        THE DEFENDANT: Yes, Your Honor.

(Dkt. No. 213 at 25).

**MEMORANDUM OPINION AND ORDER DENYING**
**§ 2255 PETITION AND PRO SE CRIMINAL MOTIONS**

The Court's recognition of the intricacies of how Spicer's jail-time credit might be calculated, and its deference to the BOP's authority to make the calculation in Spicer's case, does not present an extraordinary and compelling reason to modify his term of imprisonment. The Court therefore **DENIES** his motion to reduce sentence (Dkt. No. 234).

**D.   Motion to Clarify Term of Imprisonment**

On July 22, 2020, the Court received a letter from Spicer titled "Motion to Clarify Term of Imprisonment Sentence" in which he again referenced what he perceives to be the difference between the Court's pronouncement of his term of imprisonment at his sentencing hearing and its description of his term of imprisonment in his J&C. (Dkt. No. 235). According to Spicer, the Court's omission of the phrase "since April 28 of 2015" in his J&C led the BOP to miscalculate his sentence and caused him to serve a longer sentence than intended. Id. He then requests that the Court fix this error. Id.

As noted earlier, Spicer must bring such a challenge to the BOP's sentencing calculation in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 2241. Nevertheless, to the extent that his letter may be construed as a motion to correct a clerical error in his J&C pursuant to Federal Rule of Criminal

**MEMORANDUM OPINION AND ORDER DENYING**
**§ 2255 PETITION AND PRO SE CRIMINAL MOTIONS**

Procedure 36, it is unavailing as such a request would not grant Spicer the relief he seeks.

Rule 36 permits a court at any time to correct a clerical error in a judgment, order, or any other part of the record, "arising from oversight or omission." Fed. R. Crim. P. 36. A clerical error is an error resulting "from a minor mistake or inadvertence." Error, Black's Law Dictionary (11th ed. 2019). A clerical error that may be corrected under Rule 36 "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." United States v. Scott, 478 F. App'x 789, 790 (4th Cir. 2012) (citing United States v. Burd, 86 F.3d 285, 288 (2d Cir. 1996). "Such an error may not be a judicial or substantive error[,] but must be purely clerical." United States v. Powell, 266 F. App'x 263, 266 (4th Cir. 2008).

Despite Spicer's argument otherwise, there is no clerical error in his J&C. Consistent with the Court's pronouncement during his sentencing hearing, Spicer's J&C states that he is to serve a term of imprisonment of 70 months and should receive credit for time served as appropriate. Although his J&C does not include an explicit date from which he might be eligible to receive such credit, the Court noted that only the BOP could make such determination. Its deference to the BOP's authority does not

**SPICER V. USA**                                            **1:18CV180/1:15CR46**

**MEMORANDUM OPINION AND ORDER DENYING**
**§ 2255 PETITION AND PRO SE CRIMINAL MOTIONS**

constitute a clerical error. See United States v. Gardner, 601 F.

App'x 717, 720-21 (10th Cir. 2015) (denying defendant's request to

amend his judgment order to reflect the exact dates for which the

court ordered he receive credit for time served during his

sentencing hearing as outside the scope of Rule 36 because it is

a substantive, not clerical, issue).

And even if the Court could modify Spicer's J&C to reflect

that at his sentencing hearing it ordered a date certain for the

amount of time that the BOP should credit toward his sentence,

which it clearly did not do, such amendment would be futile. At

bottom, Spicer requests that the Court calculate the amount of

time served and direct the BOP to award him credit for that amount

of time, as it has been explained, something the Court does not

have the authority to do. Brown, 343 F. App'x 934, 936. Thus, the

Court **DENIES** Spicer's motion to clarify his term of imprisonment

(Dkt. No. 235).

**E.   Motion to Expedite**

On January 25, 2021, Spicer moved the Court to expedite its

ruling on his pending motions (Dkt. No. 246). Give the outcome

here, the Court **DENIES** the motion **AS MOOT**.

**IV. CONCLUSION**

For the reasons discussed, the Court:

21

SPICER V. USA                                    1:18CV180/1:15CR46

### MEMORANDUM OPINION AND ORDER DENYING
### § 2255 PETITION AND PRO SE CRIMINAL MOTIONS

1.  **DENIES AS MOOT** Spicer's motion for extension of time
    file a § 2255 petition (Dkt. No. 221);

2.  **DENIES** Spicer's motion for equitable tolling (Dkt. No.
    223);

3.  **ADOPTS** the R&R (Dkt. No. 228);

4.  **OVERRULES** Spicer's objections to the R&R (Dkt. No. 232);

5.  **DENIES** Spicer's § 2255 petition (Dkt. No. 225);

6.  **DISMISSES** Civil Action No. 1:18CV180 **WITH PREJUDICE.**

7.  **DENIES** Spicer's motion to reduce his sentence (Dkt. Nos.
    234);

8.  **DENIES** Spicer's motion to clarify term of imprisonment
    (Dkt. No. 235); and

9.  **DENIES AS MOOT** Spicer's motion to expedite (Dkt. No.
    246).

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to enter a separate judgment Order
in Civil Action No. 1:18CV180, to transmit copies of both Orders
to counsel of record and the pro se petitioner, certified mail,
return receipt requested, and to strike Civil Action No. 1:18CV180
from the Court's active docket.

### V. <u>NO CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2254
and Section 2255 Cases, the district court "must issue or deny a

**SPICER V. USA**                                          **1:18CV180/1:15CR46**

**MEMORANDUM OPINION AND ORDER DENYING**
**§ 2255 PETITION AND PRO SE CRIMINAL MOTIONS**

certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Spicer has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Spicer has failed to make the requisite showing and **DENIES** a certificate of appealability.

DATED: August 31, 2021

                              /s/ Irene M. Keeley
                              _____
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE